(55 South. 342.)

No. 18,768.

STATE v. COTTON.

(May 8, 1911.)

(*Syllabus by Editorial Staff.*)

1. STATUTES (§ 109*)—CONSTRUCTION—TITLE—EFFECT.

An act cannot be broader than its title.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 136–139; Dec. Dig. § 109.*]

2. LICENSES (§ 11*)—OCCUPATIONS—STATUTES—CONSTRUCTION.

Act No. 42 of 1910, entitled "An Act to levy an annual license tax upon all persons * * * engaged in the business of lending money on or purchasing time, wages or salaries of wage-earners," and providing that the license of each money broker, money lender, or person lending money on or purchasing time, wages, or salary of laborers, shall be graded according to the actual capital in use in the business, imposes a license on those who purchase time or lend money on wages and salaries, and one making loans to wage and salary earners on the moral security of their salaries and wages, without any assignments of salary and wages, is not within the act.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 18–21; Dec. Dig. § 11.*]

Appeal from Civil District Court, Parish of Orleans; Thos. C. W. Ellis, Judge.

Action by the State against Almon Cotton. From a judgment for defendant, the State appeals. Affirmed.

Edward Rightor, for appellant tax collector. M. M. Boatner, for appellee.

PROVOSTY, J. The state sues the defendant for a license as a money lender under Act No. 42, p. 67, of 1910, the relevant parts of which read as follows:

"An act to levy an annual license tax upon all persons, firms and corporations engaged in the business of lending money on or purchasing time, wages or salaries of wage-earners.

"Section 1. Be it enacted by the General Assembly of the state of Louisiana, that each and every money broker, money lender, or person, firm or corporation lending money on or purchasing time, wages or salary of laborers, clerks or other wage-earners or other persons, whether the same is earned or unearned and whether said business is conducted in an office or otherwise, the license shall be graded according to the actual capital in use in said business, as follows:

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

"Provided, further, that this act shall not apply to persons, corporations or institutions carrying on a banking business as provided for by paragraph 2 of Act 171 of 1898; and provided, further, that this act shall not apply to persons, corporations or companies lending money, secured by mortgage upon real estate."

The facts of this case are undisputed. The defendant admits that he has a fixed place of business and that he makes loans of moneys at high rate of interest to wage-earners and those who work for salaries. He even concedes that he sometimes makes loans at the rate of 30 per cent. interest per month, contending, however, that the act of 1910 only subjects to this heavy business license tax those who lend on assignments of salary and wages, and that the act levies no license on those who merely lend to salary makers and wage-earners on the moral security of their salaries and wages. The state contends that

the phrase "money lenders" and the phrase "business of money lending" have a fixed meaning in the popular mind, and that that meaning fits the business of the defendant.

[1] An act cannot be broader than its title. In so far as it is, it is unconstitutional. [2] The present act is declared in its title to be to levy a license on the business of "lending money on or purchasing time, wages or salaries of wage-earners." The license, therefore, is due by those who purchase time or lend money on "wages and salaries." According to the contention of the state, the phrase "lend money *on* wages or salaries" has the same meaning as "lend money *to* wage or salary earners." We do not think so. To lend money *on* something means to lend money on the hypothecation of something. A money lender, applied to for a loan *on* something (especially the kind of money lender which the state contends the defendant in this case is), would certainly understand that the thing *on* which the loan was solicited would be placed in his hands as security for the loan. A loan *on* real estate, *on* bonds, means a loan on a mortgage upon the real estate, *on* a pledge of the bonds. Defendant's business, therefore, does not come within the purview of said act.

And that conclusion would find confirmation, if it needed any, in the fact that the said act would clearly have covered a business like defendant's, as originally presented, but that it was amended to its present form. Its title then read:

"An act to levy an annual license tax upon all persons, firms and corporations engaged in the business of money lending."

And its section 1 provided:

"That each and every money broker, money lender, or person, firm or corporation doing business as is commonly known as money lending," etc.

In that form the act would have covered the business of defendant; but it does not in its present form.

Judgment affirmed.